UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRETT CARLEY,

    Petitioner,

v.                                            CASE NO. 6:05-cv-1834-Orl-19DAB

JAMES V. CROSBY, JR. et al.,

    Respondents.

_____

**ORDER**

Petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1) alleging that his guilty plea was not voluntary due to ineffective assistance of counsel. Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 11) to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner filed a reply (Doc. No. 13) to the response.

*Procedural History*

Petitioner was charged by information with two counts of capital sexual battery (counts one and two), one count of attempted sexual battery (count three), two counts of lewd and lascivious molestation (counts four and seven), one count of sexual activity with a child while in a position of familial or custodial authority (count five), one count of attempted sexual battery of a person twelve or older (count six), and one count of lewd or

lascivious exhibition (count eight). Petitioner entered pleas of guilty to three counts of attempted sexual battery (the lesser included offense of capital sexual battery listed in counts one and two, as well as the charge listed in count three), two counts of lewd or lascivious sexual molestation (counts four and seven), one count of sexual activity with a child while in a position of familial or custodial authority (count five), one count of attempted sexual battery of a person twelve or older (count six), and one count of lewd or lascivious exhibition (count eight). In accordance with the plea agreement, he was sentenced to concurrent twenty-year terms of imprisonment as to each count, followed by a ten-year term of sex offender probation. Petitioner did not file a direct appeal of his convictions or sentences.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, which the state trial court denied. The Florida Fifth District Court of Appeal affirmed the denial. *Carley v. State*, 912 So. 2d 1242 (Fla. 5th DCA 2005).

*Claims One and Two*

Petitioner argues that his conviction was obtained through the use of an involuntary plea due to ineffective assistance of counsel. Petitioner contends that counsel failed to investigate a defense centered on the victim's prior recanted accusations and failed to move to suppress Petitioner's confession. According to Petitioner, his confession was ripe for suppression because during questioning by police he "asked Detective Montes if an attorney would help him." (Doc. No. 2 at 1.) Petitioner contends that this statement should

have ended the interrogation, and his subsequent incriminating statements were obtained in violation of the Fifth Amendment.

*1.     The Legal Standard*

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the United States Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id*. at 58. The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id*. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense.[1] *Id*. at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id*. at 689-90.

*2.     Defense Regarding the Victim's Prior Recanted Accusations*

Petitioner contends that defense counsel made no investigation into a prior incident in which the victim recanted identical allegations against Petitioner. Petitioner contends that evidence from DCFS workers who were involved in the prior incident, from the

---

[1] In order to satisfy the prejudice requirement of the two-prong test set forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

victim's own statement, and from the statements of the victim's mother and aunt would have supported this defense. According to Petitioner, the only efforts counsel made regarding this information were three unsuccessful attempts to depose the victim, her mother, and her aunt.

Petitioner admits that he told his counsel about the prior incident involving the victim's recanted accusations (Doc. No. 2 at 8.) Therefore, it is clear that both counsel and Petitioner were aware of this information at the time Petitioner entered his guilty pleas.[2] Petitioner has failed to demonstrate how any of the investigation he alleges counsel failed to conduct would have borne out any further information that would have impacted his decision to enter the guilty pleas. Clearly, Petitioner and his counsel were aware of the recanted allegations and still determined that entering a guilty plea was the best course of action. Petitioner has not satisfied the prejudice component of the *Strickland/Hill* inquiry.

### 3.    *Failure to File a Motion to Suppress*

When a suspect subject to custodial interrogation requests counsel, all questioning must cease. *Miranda v. Arizona*, 384 U.S. 436, 474 (1966). However, "[o]nly unequivocal requests for counsel require officers to cease questioning a suspect." *Craig v. Singletary*, 127 F.3d 1030, 1039 (11th Cir. 1997). In the instant case, Petitioner only asked the police

---

[2]The record also reflects that the information regarding the prior recanted allegations was contained in both the Orange County Sheriff's Office Investigative Report and the transcript of the victim's interview (Doc. No. 3, Exhibit A at 5, Exhibit C at 10-11). Petitioner has made no allegation that these documents were not obtained by defense counsel. Furthermore, given the fact that Petitioner gave inculpatory statements to police officers, the fact that the victim had made accusations in the past that were recanted was of little value.

detective if an attorney would help him. This question clearly was not an unequivocal request for counsel; therefore, the detective was not obligated to stop the interrogation. *See Davis v. United States*, 512 U.S. 452, 462 (1994)("'Maybe I should speak to an attorney'" was not an unequivocal request for counsel that required law enforcement agents to cease questioning the defendant). Since the questioning was proper, the subsequent confession was not subject to suppression. Counsel's decision not to file a motion to suppress was not unreasonable, and Petitioner was not prejudiced by the decision.[3]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[3]To the extent that Petitioner contends that his pleas were not voluntary, such a claim is refuted by the record. During the plea hearing, Petitioner stated under oath that he had not been made any promises that were not discussed on the record and that he had read, signed, and understood the plea agreement. (Doc. No. 18 at 3, 5.) Petitioner also stated that he understood the nature of the charges against him, the maximum penalties for each charge, and the rights he would waive by entering a plea. *Id*. at 2-5. These representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Petitioner understood the charges against him and understood the direct consequences of his pleas. These circumstances do not warrant a finding that Petitioner's pleas were involuntary or that his due process rights were violated. *See Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir.) ("A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.") (internal quotation and citation omitted), *cert. denied*, 502 U.S. 835 (1991).

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Brett Carley is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this _16th__ day of October, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 10/16
Counsel of Record
Brett Carley